UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TODD TANAKA,

             Plaintiff,

    v.

UNITED PARCEL SERVICE, INC.,

             Defendant.

Case No.  22-cv-05476-TLT (AGT)

**DISCOVERY ORDER**

Re: Dkt. No. 48

      This order resolves the discovery dispute filed at Dkt. 48.  Plaintiff served Defendant with a demand for entry upon land to conduct an inspection, including "still and video photography," of Defendant's Richmond facility.  *See* Dkt. 48, Ex. A.  Defendant objected to the request, and Plaintiff now seeks a court order to compel the site inspection.  The Court denies Plaintiff's motion to compel a site inspection of Defendant's facility for the following reasons.

      "Since entry upon a party's premises may entail greater burdens and risks than mere production of documents, a greater inquiry into the necessity for inspection would seem warranted."  *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 659 (C.D. Cal. 2005) (quoting *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978)).  Plaintiff contends that "[a] critical issue in this case is whether Plaintiff could have returned to his previous positions in Smalls Sort and/or Revenue Recovery or continued to work as a 'bag stringer' in Smalls Sort [] given his restrictions."  Dkt. 48 at 2.  However, Plaintiff has failed to justify why an inspection is needed.  Plaintiff's inspection demand is overly broad, requesting inspection, without

a time limitation, of "all areas within the premises where work is performed." *Id.*, Ex. A.  Because an inspection would necessarily be limited to a "reasonable time, place, and manner" under Rule 34, it is not clear what relevant information Plaintiff hopes to obtain or how it would be obtained in a reasonable manner.  Fed. R. Civ. P. 34(b)(1)(B).  Additionally, Plaintiff has not described "with reasonable particularity each item or category of items to be inspected" as required by Rule 34.  Fed. R. Civ. P. 34(b)(1)(A).  The information Plaintiff seeks can be obtained from other discovery methods.  Plaintiff concedes that Defendant has produced documents relating to job requirements, as well as "photographs of some of the work areas."  Dkt. 48 at 2.  The Court is not persuaded that a site inspection will reveal additional information about the various job titles as opposed to a written job description and photographs.  The Court finds that any benefit from a site inspection would be outweighed by the burden on Defendant's operations and privacy concerns, and thus denies Plaintiff's request.  *See* Fed. R. Civ. P. 26(b)(1).

**IT IS SO ORDERED.**

Dated:  February 15, 2024

_____
Alex G. Tse
United States Magistrate Judge